

**WADE CLARK MULCAHY LLP | ATTORNEYS**

180 Maiden Lane Suite 901 | New York | NY 10038 | 212.267.1900 | 212.267.9470 Fax | www.wcmlaw.com

May 21, 2020

*Via ECF*
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Street, Room 415
New York, NY 10007

Re:   *IronShore Indemnity, Inc. v. Sylvia Wong, et al*.
      Docket No.: 1:20-cv-00978-VSB

Dear Honorable Vernon S. Broderick:

The parties submit this joint letter in compliance with Your Honor's Order dated May 15, 2020.

## 1.   **Brief Description of the Nature of the Action and Principal Defenses:**

This action arises out of alleged water damage that occurred in 24 Central Park South, Unit 17W, on December 12, 2018. Emile Mimran, the subrogor of Plaintiff, IronShore Indemnity, Inc., resides in unit 17W, directly below unit 18W, occupied by defendant Sylvia Wong ("Wong"). During Wong's renovation of her unit, plaintiff-subrogor alleges that defendants Di Martini Inc., ("Di Martini") and Regency Heating & Air Conditioning ("Regency") performed negligent repairs, which proximately caused the water damage in unit 17W.

On April 17, 2020, just a few days after submitting its answer, Defendant Regency filed a third-party complaint against the building, 24 Central Park South, Inc. ("the building") for contribution and indemnification. However, as of the date of this letter, the building has not filed an answer.  As of the date of this letter, the building was served via the New York Secretary of State, but in-hand service has not been confirmed.

## 2.   **Jurisdiction:**

Jurisdiction in this matter is based upon diversity of the parties and the matter in controversy exceeds $75,000.

3.   **Contemplated Motions:**

There are no contemplated motions at this time.

4.   **Discovery to Date:**

On March 11, 2020, Plaintiff provided a Rule 26 initial disclosure. The parties have not engaged in any other discovery as the building has not responded to Regency's third-party complaint. As such, we believe it is premature to stipulate to discovery dates until the building appears in this action. We believe depositions of all parties will be necessary to properly evaluate liability and damages.

5.   **Settlement Discussions:**

To date, the parties have not engaged in settlement discussions.

6.   **Length of Trial:**

The parties anticipate a 3-4 day trial.

7.   **Other Information:**

As mentioned above, the building has not responded to the third-party complaint. All counsel agree that it is premature to submit a case management plan at this time. As such, we respectfully request an additional 45 days to submit a proposed case management plan to allow for the building to appear.

Respectfully Submitted,

Corey Morgenstern, Esq.

cc: All Counsel (*Via ECF*)